IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ESTATE OF SCOTT K. BRADSHAW;<br>KIM BRADSHAW, TANNER<br>BRADSHAW, JEFFREY BRADSHAW,<br>DEREK BRADSHAW, and THE<br>PERSONAL REPRESENTATIVE ON<br>BEHALF OF ESTATE HEIRS,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CONTINENTAL WESTERN<br>INSURANCE COMPANY,<br><br>　　　　　Defendant. | Civil Case No. 06-871-KI<br><br>OPINION AND ORDER |

　　　　Michael R. Seidl
　　　　Lisa Johnston-Porter
　　　　Seidl Law Office, PC
　　　　806 S.W. Broadway, Suite 400
　　　　Portland, Oregon 97205

-and-


Page 1 - OPINION AND ORDER

Craig L. Meadows
Hawley Troxell Ennis & Hawley LLP
877 Main Street, Suite 1000
P. O. Box 1617
Boise, ID  83701-1617

    Attorneys for Plaintiffs

M. Robert F. Smith
Marian Patricia Nation
Smith Freed & Eberhard, P.C.
1001 S.W. Fifth Avenue, Suite 1700
Portland, Oregon  97204

    Attorneys for Defendant

KING, Judge:

Plaintiffs, the Estate of Scott K. Bradshaw and members of the Bradshaw family (collectively "the Estate"), brings an action against Continental Western Insurance Company for breach of contract and a declaratory judgment, seeking amounts it believes it is entitled to under an insurance policy.  Before the court is Continental Western's Motion for Summary Judgment (#14) and the Motion for Summary Judgment (#11) filed by the Estate.

## STIPULATED FACTS

The parties have stipulated to the following facts:

At all relevant times, Scott K. Bradshaw was employed by Beef Northwest Incorporated. On September 19, 2002, Bradshaw was involved in a fatal motor vehicle accident near Nyssa, Oregon.  Bradshaw was driving a 2001 GMC pickup truck which was towing a gooseneck flat bed trailer.  The truck and trailer were owned by Beef Northwest, Bradshaw's employer.

Page 2 - OPINION AND ORDER

Beef Northwest carried an uninsured/underinsured motorist policy issued by Continental Western with a $1,000,000 limit issued in Oregon.

The car that struck the Beef Northwest vehicle was owned by Dean Wong, who permitted his daughter, Wendy Wong, to drive to school.  Amanda Bennett obtained the permission of Wendy Wong to drive the Wong vehicle from Nyssa, Oregon to Ontario, Oregon.

Yiselle Escobedo was a passenger in the vehicle driven by Bennett.  Both Escobedo and Bennett were sixteen years old at the time of the accident.  In order to return to Nyssa more quickly, Bennett and Escobedo allegedly agreed that, as they approached posted stop signs, Bennett would look to the left and Escobedo to the right.  If neither saw any cars approaching, they would run the stop sign.

At the time of the accident, Bennett and Escobedo were returning to Nyssa, Oregon from Ontario, Oregon driving south on Clark Boulevard, a two-lane road.  Bradshaw was headed east on Columbia Avenue.  At the intersection of Clark Boulevard and Columbia Avenue is a stop sign for Clark Boulevard.  Bennett drove through the intersection without stopping and without slowing down.

The impact forced Bradshaw to be ejected from the truck.  He was not wearing a seat belt.  Bradshaw died as a result of the accident.

Bennett was an insured driver under a State Farm policy which had a $100,000 limit.

The Wong vehicle was insured by Mutual of Enumclaw, and also had a $100,000 limit.

Escobedo was insured by Country Mutual under two motor vehicle policies–an automotive policy with a $500,000 limit and a motorcycle policy with a $500,000 limit, with a total of $500,000 limit.  The policies contained anti-stacking provisions.

Bennett, Escobedo and the Wong family settled a lawsuit filed by Bradshaw's estate. Bennett's insurer paid $100,000, Wong's insurer paid $100,000, and Escobedo's insurer paid $400,000. Continental Western consented to the settlement reached between the Bradshaw family and Bennett, Escobedo, the Wongs, and their various insurers.

As a result of the settlement, the settlement moneys were divided, according to Oregon law, as follows:

| | | |
|---|---|---|
| Attorney fees | one-third | $200,000.00 |
| Costs incurred | | $2,395.23 |
| Estate of Scott Bradshaw | one-third remainder | $132,534.92 |
| SAIF (statutory lien) | two-thirds remainder | $265,069.85 |
| Total | | $600,000.00 |

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

The parties disagree about how Continental Western should calculate the amount it is required to pay the Estate under the $1,000,000 underinsured motorist ("UIM") insurance policy.

The Estate seeks an additional $400,000 in benefits under the UIM policy, beyond the $400,000 in policy benefits Continental Western already has paid them.[1] Continental Western came to the $400,000 figure by subtracting the amounts the Estate received by settling with the Escobedo, Bennett and Wong insurance companies ($600,000) from the $1,000,000 UIM policy limit.

The question remaining is whether the $400,000 the Estate recovered from Escobedo's insurance company should be included in the offset. Plaintiff argues it should not. The answer lies in ORS 742.502(2)(a), which provides, in relevant part, "Underinsurance benefits shall be equal to uninsured motorist coverage benefits <u>less the amount recovered from other motor vehicle liability insurance policies</u>." (Emphasis added). ORS 742.502(6) further provides, "'Amount recovered from other motor vehicle liability insurance policies' means the proceeds of liability insurance recovered by or on behalf of the injured party. Proceeds recovered on behalf of the injured party include proceeds received by the injured party's insurer as reimbursement for personal injury protection benefits provided to the injured person, proceeds received by the medical providers of the injured person and proceeds received as attorney fees on the claim of the injured person."

Continental Western argues that "other motor vehicle liability insurance policies" includes not only the owner and operator's insurance policies, but also the passenger's policy.

---

[1] At the time of briefing, Continental Western had paid the Estate only $300,000, but subsequently agreed it owed an additional $100,000. As a result, both parties agree that Continental Western has conceded it may not include $100,000 (representing the difference between the Escobedo settlement–$400,000–and the Escobedo policy limit–$500,000) as an offset against the $1,000,000 UIM policy limit. Both motions for summary judgment are moot on this issue.

Page 5 - OPINION AND ORDER

According to Continental Western, under PGE v. Bureau of Labor and Industries, 317 Or. 606, 610, 859 P.2d 1143 (1993), the court must construe the meaning of a statute, reviewing the text first and giving undefined terms their plain meaning, in an attempt to discern the intent of the legislature. Here, the statute does not limit the meaning of "other motor vehicle liability insurance policies" to only the insurance policies of the driver or owner of the car. The legislature's intent was to include all other motor vehicle liability insurers as an offset.

The Estate disputes that "the $400,000 recovered from Passenger fits within the intended meaning of [the] statutory phrase." Pl.'s Mem. in Support of Mot. for Summ. J. at 12. However, importantly, the Estate concedes that Continental Western properly offset "the $200,000 collectively recovered from Owner and Operator" from the $1,000,000 policy limit because those amounts are "amounts recovered from 'other automobile liability insurance policies." Id.[2] The Estate argues that the term "other automobile liability insurance policies" must be limited to operator and owner policies because the purpose of UM/UIM coverage is to compensate the insured for amounts the insured is "legally entitled to recover as general and special damages from the owner or operator of an uninsured vehicle." ORS 742.504(1)(a) (emphasis added). The Estate also argues that the offset provision should be limited to insured risks. Escobedo's negligence was not an insured risk. The Estate asserts that Escobedo's negligence is more along the lines of the negligence of a manufacturer who fabricated defective brakes.

---

[2]For this reason, the Estate's discussion about the effect of Bergmann v. Hutton, 337 Or. 596, 101 P.3d 353 (2004) is a red herring. In their briefing, the Estate argued that offsets must be taken against the total damages suffered by the insured, not against the insurance policy limit. However, as set forth above, the Estate has conceded the effect of ORS 742.502(2)(a), leaving only the question of the statute's applicability to Escobedo's insurer's settlement payment.

Page 6 - OPINION AND ORDER

I find Continental Western's argument to be persuasive, and agree that the language "other motor vehicle liability insurance policies" is plain. The definition for the term, contained in ORS 742.502(6), is broad and gives no indication that the legislature intended to limit its applicability. Plaintiff's interpretation would require the court to insert terms into the statute, e.g. "amount recovered from *other owner or operator's* motor vehicle liability insurance policies."

Based on my plain reading of the statute, I find that "other motor vehicle liability insurance policies" includes settlement amounts recovered from a passenger's motor vehicle insurer. Accordingly, Continental Western properly deducted from the UIM policy the $400,000 paid by Escobedo's insurer.

## CONCLUSION

For the foregoing reasons, Continental Western's Motion for Summary Judgment (#14) is granted, and the Motion for Summary Judgment filed by the Estate of Bradshaw (#11) is denied. Judgment will be entered in favor of Continental Western and the case will be dismissed.

IT IS SO ORDERED.

Dated this   2nd   day of May, 2007.

    /s/ Garr M. King
Garr M. King
United States District Judge